UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

       Plaintiff,

v.

SUNSHINE GASOLINE DIS1RIBUTORS, INC.
d/b/a Exxon-Sunshine #33

       Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendant, Sunshine Gasoline Distributor, Inc, d/b/a Exxon-Sunshine #33, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Plaintiff, Jesus Gonzalez ("Plaintiff") is an individual with disabilities as defined by the ADA, and a resident of Miami-Dade County, Florida, and otherwise *sui juris*.

4.      Defendant is authorized to conduct and conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

5.      Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

6.      Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are in compliance with the ADA/ADAAG.

7.      Defendant, Sunshine Gasoline Distributor, Inc., is a Florida for-profit corporation, which owns and/or operates as a franchisee multiples gas stations within this district including the gas station located at 50 SE 8th Avenue, Hialeah, Florida 33013, branded "Exxon-Sunshine #33", and subject of this action.

8.      Defendant, Sunshine Gasoline Distributor, Inc., is also the owner of the commercial real property identified as Folio: 04-3120-013-0880, with the post address of 50 SE 8th Avenue, Hialeah, Florida 33013, which is built out as the "Exxon-Sunshine #33", and the subject of this action.

## FACTS

9.      Defendant, Sunshine Gasoline Distributor, Inc, is the owner and operator of the gas station named "Exxon-Sunshine #33" located at 50 SE 8th Avenue, Hialeah, Florida 33013, which is open to the general public. As such, a Place of Public Accommodation

subject to the requirements of Title III of the ADA and it's implementing regulation as defined by 42 U.S.C. §12181(7), §12182, and 28 C.F.R. §36.104. The "Exxon-Sunshine #33" gas station which is the subject of this action is referenced throughout as "Place of Public Accommodation," or "Exxon-Sunshine #33"

10.     Defendant's gas stations (including "Exxon-Sunshine #33" which is the subject of this action) are open to the public and each is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(F); §12182, and §36.104(6).

11.     Defendant's gas stations (including "Exxon-Sunshine #33" which is the subject of this action) also contain convenience stores which meet the definition of a public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 CFR 36.104(5).

12.     As the owner/operator of a gas station, which is open to the public, Defendant, Sunshine Gasoline Distributor, Inc, is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates gasoline stations and convenience stores; U.S.C. §12181(7)(F), (E) and 28 C.F.R. §36.104.

13.     On June 20, 2024, Plaintiff personally visited the "Exxon-Sunshine #33", to inquire and/or use of their services, and to test for compliance with the ADA/ADAAG, but due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff encountered multiple violations of the ADA that directly affected his ability to use and/or access Defendant's Commercial Property. Plaintiff has definite plans to return to the Commercial Property within one (1) month of the filing of this Complaint in order to avail himself of the services offered to the public at the Commercial Property, if it becomes accessible.

14.     Based on the access impediments and architectural barriers met at Defendant's Commercial Property. Plaintiff has been denied full and equal access by Defendant, Sunshine Gasoline Distributor, Inc, owner and operator of the commercial property.

15.     Plaintiff has encountered architectural barriers that are in violation of the ADA, at the Commercial Property. The barriers to access at Defendant's Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and "Exxon-Sunshine #33" therein and likewise endangered his safety. The barriers to access, which are set forth below, have accordingly posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, and others similarly situated.

16.     Defendant owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation (commercial property and gas station that is the subject of this Action for their violations of the ADA) that Defendant owns and operates, is Commercial Property referenced above.

17.     As the owner of commercial property, which is built as public accommodation, Defendant, Sunshine Gasoline Distributor, Inc, is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

18.     Plaintiff, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to its the

described Commercial Property, including, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and businesses therein which are open to the public and in violation of the ADA.

19.     Plaintiff desires to visit the Commercial Property and "Exxon-Sunshine #33" therein not only to avail himself of the goods and services available, but to also assure himself that this Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination, but is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

20.     Any and all requisite notice has been provided.

21.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22.     The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

23.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24.     Prior to the filing of this lawsuit, Plaintiff personally visited the "Exxon-Sunshine #33" with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

25.     Defendant, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations at the commercial property and "Exxon-Sunshine #33" therein, in derogation of 42 U.S.C. §12101 *et seq.,* and as prohibited by 42 U.S.C. §12182 *et seq.,* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendant's place of public accommodation.

27.     Defendant is governed by the ADA and must comply therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29.     The commercial space which is owned/operated by Defendant, Sunshine Gasoline Distributor, Inc, is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.* A list of the violations that Plaintiff encountered during his visit to the Defendant's place of public accommodation, include, but are not limited to, the following:

**Unisex Accessible Restroom**

i.      There are permanently designated interior spaces without proper signage location, Signage is mounted on the door leaf without braille or raised characters violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The plaintiff had difficulty opening the door without assistance, as it does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The plaintiff had difficulty opening the door without assistance, as it does not have the required maneuvering clearance on the pull side of the door. Violation: Door does not provide the required maneuvering clearance on the pull side of the door, for doors with closer and latch. Section 4.13.6 of the ADAAG and 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The plaintiff had difficulty opening the door without assistance, as it does not have the required maneuvering clearance on the push side of the door. Violation: Door does not provide the required maneuvering clearance on the push side of the door, for doors with closer and latch. Section 4.13.6 of the ADAAG and 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The plaintiff could not use the lavatory without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to encroaching item (Trash can). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.   The plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

### Accessible Route to Ice Dispenser

ix.   The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

30.   Pursuant to the ADA, 42 U.S.C. §12101 *et seq*, and 28 C.F.R. §36.304, Defendant has been required to make its Commercial Property and gas station accessible to persons with disabilities since January 28, 1992, and Defendant has failed to comply with this mandate.

31.   Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief; including an order for Defendant to alter its Commercial Property and gas station such that it is made readily accessible to, and useable by, individuals with

disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendant, Sunshine Gasoline Distributor, Inc, d/b/a Exxon-Sunshine #33, and requests the following injunctive and declaratory relief: The Court declare that Defendants have violated the ADA;

a) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

b) The Court enter an Order requiring Defendants to alter the commercial property and the establishment located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted this July 8, 2024.

By: */s/ Juan Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*